914 F.2d 271
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph BELL, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 90-3132.
 United States Court of Appeals, Federal Circuit.
 Aug. 27, 1990.
 
 Before ARCHER, MICHEL, and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Joseph Bell appeals the Merit Systems Protection Board's order dismissing his appeal to the Board. Bell v. Department of Defense, Docket No. HQ71218910033 (MSPB Dec. 26, 1989). The Board concluded that it lacked subject matter jurisdiction to review an arbitrator's decision not to award Bell attorney fees because it concluded Bell had not asserted allegations of discrimination as required by 5 U.S.C. Sec. 7121(d) (1988). We conclude that Bell did raise allegations of discrimination as required for the Board to have jurisdiction, and therefore reverse and remand.
 
 OPINION
 
 2
 We have jurisdiction to review threshold issues such as the Board's jurisdiction. Spears v. Merit Sys. Protection Bd., 766 F.2d 520, 522 (Fed.Cir.1985). We review the Board's decisions to determine whether its findings or conclusions are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 The Board has jurisdiction to review arbitrators' decisions if: (1) a final decision has been issued by the arbitrator; and (2) the grievant has requested review pursuant to 5 U.S.C. Sec. 7702 (1988), for "any personnel action that could have been appealed to the Board" absent the use of grievance procedures. See 5 U.S.C. Secs. 2302(b)(1), 7121(d), 7702 (1988).
 
 
 4
 To request review under 5 U.S.C. Sec. 7702, an employee must have been "affected by an [agency] action" appealable to the Board and the employee must allege "that a basis for the action was discrimination." We agree with Bell, that he alleged discrimination in his brief to the Board. Moreover, Bell "could have" appealed the agency's denial of his within grade increase (WGI) to the Board absent his use of the grievance procedures. See 5 U.S.C. Secs. 2302(b)(1), 5335(c), 7121(d) (1988). Accordingly, we conclude the Board has subject matter jurisdiction to hear Bell's appeal, insofar as it relates to his WGI claim.
 
 
 5
 We conclude that Bell's claim for attorney fees, which clearly relates to his WGI claim, is integral to his discrimination action. It is not a separate claim that might not be appealable by itself. Thus, Bell does not lose his right to appeal to the Board from the denial of attorney fees because the arbitrator granted the WGI claim Bell contended the agency wrongly withheld. In enacting 5 U.S.C. Sec. 7701(g)(1) & (g)(2) (1988), which permit the awarding of attorney fees in personnel cases, Congress intended that federal employees not have to bring a separate action for such reimbursement. See S.Rep. No. 969, 95th Cong., 2d Sess. 60-61, reprinted in 1978 U.S.Code Cong. & Admin.News 2723, 2782-83. Accordingly, we conclude the Board has jurisdiction to address the arbitrator's decision regarding attorney fees.