**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

**2024 MSPB 1**

Docket No. AT-0752-15-0064-A-1

**Kristopher D. Kelly,**

**Appellant,**

**v.**

**Tennessee Valley Authority,**

**Agency.**

January 5, 2024

Jennifer Morton, Esquire, and Pat Kelly, Knoxville, Tennessee, for the appellant.

Jennifer L. Grace, Knoxville, Tennessee, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**OPINION AND ORDER**

¶1      The agency has filed a petition for review and the appellant has filed a cross petition for review of the addendum initial decision, which granted the appellant's motion for attorney fees. For the reasons discussed below, we DENY the agency's petition for review; GRANT the appellant's cross petition for review; AFFIRM the addendum initial decision in part and VACATE it in part; MODIFY the administrative judge's computation regarding the number of hours spent by the appellant's attorneys and award for costs; and REMAND the appeal for further adjudication consistent with this Opinion and Order.

BACKGROUND

¶2    Effective September 11, 2014, the agency removed the appellant from his position as a Senior Nuclear Security Officer (NSO) at the Tennessee Valley Authority Watts Bar Nuclear Plant, based on a charge of failure to meet the requirements of the Senior NSO position due to medical restrictions. *Kelly v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-15-0064-I-1, Initial Decision (Sept. 9, 2015). The appellant filed a Board appeal challenging the removal action, and the administrative judge issued an initial decision reversing the removal and finding that the agency discriminated against the appellant based on his disability. *Id*.

¶3    Following the issuance of the initial decision, on September 30, 2015, the appellant signed a "Retainer agreement for [F]ederal MSPB administrative process," whereby he agreed to have his attorney and her associate represent him in his pending Board appeal. *Kelly v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-15-0064-A-1, Attorney Fee File (AFF), Tab 1 at 24-26. The agreement provided that the appellant would pay his attorney a discounted rate of $300 per hour and her associate a rate of $250 per hour. *Id*. at 24. The agreement further provided that, should the appellant receive a monetary settlement or recovery, his attorney would reimburse the appellant any fees that he paid and seek payment for attorney fees from the agency at the "current market rate for attorneys' fees in this area." *Id*.

¶4    Thereafter, the agency filed a petition for review of the September 9, 2015 initial decision, to which the appellant filed a response. *Kelly v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-15-0064-I-1, Petition for Review File, Tabs 1, 8. On June 16, 2016, the Board issued a final order affirming the administrative judge's decision to reverse the appellant's removal. *Kelly v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-15-0064-I-1, Final Order (June 16, 2016).

¶5      On August 12, 2016, the appellant's attorney filed the instant motion in connection with the removal action. AFF, Tab 1. The administrative judge granted the appellant's motion for fees, finding that the appellant was the prevailing party, he incurred fees pursuant to an existing attorney-client relationship, and that an award of fees is warranted in the interest of justice. AFF, Tab 13, Addendum Initial Decision (AID) at 2-4. Regarding the reasonableness of the fees, the administrative judge found that the $350 hourly rate for the appellant's attorney is the prevailing community rate. AID at 4-7. However, she reduced the prevailing hourly rate for the attorney's associate from $300 to $250. *Id.* The administrative judge found that both attorneys spent a total of 102.95 hours on the appellant's case from September 28, 2015, through August 12, 2016. AID at 8. Specifically, the administrative judge found that the appellant's attorney had spent 52.25 hours on the case and that the associate had spent 50.80 hours. AID at 8-9. Based on the above, she found that the total amount of fees recoverable by the appellant was $30,987.50. AID at 9. The administrative judge declined to consider the appellant's second supplement for attorney fees, finding that it was untimely filed after the close of the record below. AID at 8 n.5; AFF, Tab 10. Additionally, the administrative judge found that the appellant is entitled to claimed costs in the amount of $932.24. AID at 9-10. The administrative judge ordered the agency to pay attorney fees and costs in the amount of $31,590.50.[1] AID at 10.

¶6      The agency has filed a petition for review. Petition for Review (PFR) File, Tab 6. The appellant has filed a response and a cross petition for review. PFR File, Tab 11. The agency filed a reply to the appellant's response to the petition for review and a response in opposition to the appellant's cross petition for review. PFR File, Tabs 16-17.

---

[1] This total does not include a hotel cost of $329.24, which the administrative judge awarded but neglected to include in her calculations. AID at 10.

## ANALYSIS

### The administrative judge erred in failing to apply the attorney fee standard under 5 U.S.C. § 7701(g)(2), and we modify the addendum initial decision accordingly.

¶7 In finding that fees were warranted, the administrative judge applied the attorney fee standard under 5 U.S.C. § 7701(g)(1), which authorizes the award of fees under an interest of justice standard. AID at 1-4. However, in cases in which prohibited discrimination under 5 U.S.C. § 2302(b)(1) has been found, the award of attorney fees is properly made under 5 U.S.C. § 7701(g)(2). *See Kelly v. Department of the Navy*, 43 M.S.P.R. 430, 433 (1990). That provision states that, if an employee "is the prevailing party and the decision is based on a finding of discrimination prohibited under section 2302(b)(1) of [Title 5], the payment of attorney fees shall be in accordance with the standards prescribed under section 706(k) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(k))." 5 U.S.C. § 7701(g)(2). In turn, 42 U.S.C § 2000e-5(k) states that a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . and the United States shall be liable for costs . . . ." The Supreme Court has interpreted this provision to entitle a prevailing plaintiff to an award of attorney fees "in all but special circumstances." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 417 (1978); *see E.E.O.C. v. Harris Farms, Inc.*, EEOC Appeal No. CIV F 02-6199 AWI LJO, 2006 WL 1028755, at *1 (E.D. Cal. 2006); *Agonafer v. Rubin*, 35 F. Supp. 2d 300, 305 (S.D.N.Y. 1998); *Perez v. Federal Bureau of Investigation*, 707 F. Supp. 891, 927 (W.D. Tex. 1988).

¶8 Thus, the Board has authority under 5 U.S.C. § 7701(g)(2) to award fees in accordance with the broader standards prescribed under the Civil Rights Act of 1964. *See Kelly*, 43 M.S.P.R. at 433; *see also Raney v. Federal Bureau of Prisons*, 222 F.3d 927, 935 (Fed. Cir. 2000) (noting that section 7701(g)(2) "broadens the scope of the reasonable attorney fee recovery in those cases"). Fees may be awarded by the Board under section 7701(g)(2) if the appellant is the

prevailing party, but there is no application of the interest of justice standard to such a fee award. *Kelly*, 43 M.S.P.R. at 433. Instead, as noted above, the Board, "in its discretion," may award a reasonable attorney fee. Under this broader standard, all costs may also be awarded. *Id.* at 433 n.3.

¶9 Here, the Board found that the agency's removal action resulted from disability discrimination. *Kelly v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-15-0064-I-1, Final Order (June 16, 2016). We find, therefore, that 5 U.S.C. § 7701(g)(2) is the section of the statute applicable to the question of whether the appellant is entitled to an award of attorney fees and that the administrative judge erred in requiring the appellant to establish that a fee award is otherwise warranted in the interest of justice.[2] *Cason v. National Aeronautics and Space Administration*, 46 M.S.P.R. 401, 403-04 (1990); *Kelly*, 43 M.S.P.R. at 433. We therefore vacate the administrative judge's analysis on the interest of justice standard.

The appellant remains the prevailing party, and we find that he is entitled to an award of attorney fees.

¶10 While the agency does not otherwise dispute the appellant's prevailing party status, it argues that he would no longer be the prevailing party if the Board grants its request, included in the petition for review in *Kelly v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-15-0064-C-1, to set aside or reverse the Final Order in the underlying appeal. PFR File, Tab 6 at 5, 27. We have not granted that request, however, and the Board's decision in *Kelly v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-15-0064-I-1, finding that the agency committed disability discrimination, remains final. Moreover, we find no special circumstances present in this case that weigh against exercising our

[2] On review, the agency contends that, because the ruling in the appellant's favor was based on his discrimination claim, the administrative judge erred by not applying the "stricter" attorney fee standards and costs under 5 U.S.C. § 7701(g)(2), rather than § 7701(g)(1). PFR File, Tab 6 at 3-6. While we agree that 5 U.S.C. § 7701(g)(2) applies in this case, as set forth above, the Board has found it is a broader standard than that under 5 U.S.C. § 7701(g)(1).

discretion to award the appellant attorney fees. Thus, the appellant is the prevailing party for purposes of this attorney fee motion, and we find that he is entitled to recover fees and costs. Accordingly, we will not disturb the administrative judge's finding that the appellant is the prevailing party for purposes of this attorney fee petition.

<u>We remand the appeal for a determination regarding the current market rates for the appellant's attorney and associate attorney.</u>

¶11        Having determined that the appellant is the prevailing party, we now turn to the reasonableness of the attorney fees request. The computation of a reasonable attorney fee is the same regardless of whether the award is authorized by 5 U.S.C. § 7701(g)(1) or (g)(2). *Kelly*, 43 M.S.P.R. at 436 n.6; *see McGovern v. Equal Employment Opportunity Commission*, 42 M.S.P.R. 399, 412 (1989) (applying the framework of the Board's case law under section 5 U.S.C. § 7701(g)(1) to an attorney fees request governed by section 7701(g)(2)). The Board assesses the reasonableness of an attorney fees request by using two objective variables: the customary billing rate and the number of hours reasonably devoted to the case. *Casali v. Department of the Treasury*, 81 M.S.P.R. 347, ¶ 9 (1999). To establish the appropriate hourly rate, the attorney fee motion must be accompanied by a copy of the fee agreement, if one exists, as well as evidence of the attorney's customary billing rate for similar work. *Id.* The customary billing rate may be established by showing the hourly rate at which the attorney actually billed other clients for similar work during the period for which the attorney seeks fees, or, if the attorney has insufficient billings to establish a customary billing rate, by providing affidavits from other attorneys in the community with similar experience stating their billing rate for similar clients. *Id.* The relevant market rate for determining the reasonableness of the attorney fee request is the forum of the litigation. *Id.* The burden of establishing the reasonableness of the hours claimed in an attorney fee request is on the party moving for an attorney fees award. *Id.*, ¶ 13.

¶12     When it is agreed that a specific fee be paid to an attorney for legal services rendered on behalf of an appellant in a Board case, the Board presumes that the amount agreed upon represents the maximum reasonable fee which may be awarded. *Krape v. Department of Defense*, 97 M.S.P.R. 430, ¶ 12 (2004). Nevertheless, this presumption is rebuttable by convincing evidence that the agreed-upon rate was not based on marketplace considerations and that the attorney's rate for similar work was customarily higher, or by showing that she had agreed to such a rate only because of the employee's reduced ability to pay and that her customary fee for similar work was significantly higher. *Id.*

¶13     Here, the appellant submitted a fee agreement that provided that, if he should receive a monetary settlement or recovery, the appellant's attorney would reimburse the appellant for any fees that he paid, and she would seek payment for attorney fees from the agency at the "current market rate." AFF, Tab 1 at 24-26. We interpret the retainer agreement as a whole. *See* Restatement (Second) of Contracts § 202(2) (1981). Under the fee agreement in this case, there are two separate billing rates contingent on the outcome of the case: if the appellant prevails, the billing rate would be the prevailing community rate; if he does not, the billing rate would be the discounted $300 per hour rate. AFF, Tab 1 at 24-26. Whether the appellant would be responsible for the attorney fees would only be known if he is the prevailing party. *Id.* The appeal is now resolved, and the appellant is the prevailing party. Therefore, under the terms of the retainer agreement, the fees sought would be at the current market rate.

¶14     We agree with the administrative judge that the appellant presented sufficient evidence to rebut the presumption that the agreed-upon rate in the fee agreement represents the maximum reasonable hourly fee for the appellant's attorney. *See Krape*, 97 M.S.P.R. 430, ¶¶ 12-16. The appellant's fee agreement reflects that his attorney fees would be reduced for him if he were to lose his appeal and pay the fees himself. AFF, Tab 1 at 24-26, Tab 7 at 48-56. Further, the record includes copies of similar fee agreements that his attorney has had with

other clients that all reflect that $350 was her customary hourly fee at that time. AFF, Tab 7 at 48-56. We find that these documents rebut the presumption that the amount agreed upon represents the maximum reasonable hourly fee, and we instead conclude that the customary hourly fee is the relevant rate. *See Krape*, 97 M.S.P.R. 430, ¶¶ 12-16. We likewise discern no basis for disturbing the administrative judge's determination regarding the prevailing rate for the associate attorney at the time. AID at 7.

¶15    However, the work performed on this case by the appellant's counsel occurred between 2015 and 2017, and there has been a significant delay in adjudication of this motion for attorney fees. As part of our inquiry into the reasonableness of the attorney fees requested, we must determine whether it is appropriate to apply current, rather than historic, hourly rates. *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 282 (1989) (discussing when an enhancement for delay in payment is warranted as part of a "reasonable attorney's fee"). The Supreme Court has held that "interest cannot be recovered in a suit against the Government in the absence of an express waiver of sovereign immunity from an award of interest."[3] In *Library of Congress v. Shaw*, 478 U.S. 310, 311 (1986), the Court held that a party prevailing in a Title VII suit against the Government was not entitled to interest on attorney fees because the provision permitting the award of attorney fees did not expressly waive sovereign immunity from such liability. Several years later, in *Jenkins*, the Court found that an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise—was within the contemplation of the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988), which provided

---

[3] Applying this "no-interest rule," the Board in *Krape* rejected attorney fee enhancement requests for attorney fees petitions filed pursuant to 5 U.S.C. § 7701(g)(1). 97 M.S.P.R. 430, ¶¶ 9-10. Specifically, the Board found that 5 U.S.C. § 7701(g)(1) does not explicitly provide for interest on attorney fees. However, the Board declined to decide whether an enhancement for delay in the payment of attorney fees was permitted under 5 U.S.C. § 7701(g)(2) when an appellant, such as here, files a petition for attorney fees as a prevailing party following a decision based on a finding of discrimination prohibited under 5 U.S.C. § 2302(b)(1). *Id.* ¶ 10 n.4.

for "a reasonable attorney's fee as part of the costs."[4]   Subsequently, and importantly with respect to this case, Congress amended section 114 of the Civil Rights Act of 1991, to explicitly provide that "the same interest to compensate for delay in payment shall be available [in actions brought by [F]ederal employees] as in cases involving nonpublic parties."[5]  *See* 42 U.S.C. § 2000e-16(d).[6]

¶16        In addition to controlling statutory authority, the Equal Employment Opportunity Commission has awarded enhanced attorney fee billing rates based

---

[4] The Court reasoned that attorney fees awarded under the statute were to be based on market rates for the services rendered and that compensation received several years after the services were rendered—as it frequently is in complex civil rights litigation—is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings.  *See Jenkins*, 491 U.S. at 283-84.

[5] Following passage of the 1991 amendments to the Civil Rights Act, 42 U.S.C. § 2000e-16(d) read as follows:

> **Section 2000e–5(f) through (k) of this title applicable to civil actions**
>
> The provisions of section 2000e–5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder, and the same interest to compensate for delay in payment shall be available as in cases involving nonpublic parties.

Arguably, on its face, and by its plain language, the availability of interest to compensate for delay in payment of attorney fees in section 2000e-16(d) appears to apply only to civil court proceedings.  However, the heading of the provision indicates that it is applicable to several specific statutory provisions, including 42 U.S.C. § 2000e-5(k).  As noted above, section 2000e-5(k) governs entitlement to attorney fees when a Board decision is based on a finding of discrimination, pursuant to 5 U.S.C. § 7701(g)(2), and section 7701(g)(2) already referred the Board to the standard in 42 U.S.C. § 2000e-5(k) in 1991, when section 2000e-16(d) was amended.  Thus, we find that the amendment of section 2000e-16(d) to allow interest on attorney fee awards to compensate for delay in payment applies to an award of fees by the Board under 5 U.S.C. § 7702(g)(2).  *See Parker Drilling Management Services, Ltd. v. Newton*, 139 S. Ct. 1881, 1890 (2019) (concluding that "Congress legislates against the backdrop of existing law"); *Lorillard v. Pons*, 434 U.S. 575, 581 (1978) (stating that, when "Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the [administrative or judicial] interpretation given to the incorporated law, at least insofar as it affects the new statute").

[6] In *Krape*, the Board noted that the 1991 amendments to Title VII, which provide for the same interest to compensate for delay in payment in public sector litigation as in cases involving nonpublic parties, were enacted in response to the holding in *Shaw* that

on current, as opposed to historic, rates. *See Jimenez v. Sebelius, Sec'y, Department of Health and Human Services*, EEOC App. No. 0120083765, 2012 WL 2356788, at *5 (June 12, 2012) (awarding current rather than historic hourly rates when the complainant established that the agency engaged in disability discrimination); *Mareno v. Department of Veterans Affairs*, EEOC Appeal No. 01943104, 1996 WL 73888, at *3 (Feb. 14, 1996) (reaffirming its position that the proper customary hourly rate is the reasonable hourly rate in effect at the time of the award and not at the time the services are provided).

¶17    Based on the foregoing, the Board may award attorney fees under 5 U.S.C. § 7701(g)(2) based on current rates at the time of the award, rather than historic rates. We find that it is appropriate to do so here given the significant delay at issue. *See Jenkins*, 491 U.S. at 283 (stating that "compensation received several years after the services were rendered—as it frequently is in complex civil rights litigation—is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings"). We therefore remand for a finding on the appellant's attorneys' current market rates rather than those that were in effect when the services were performed. *Sowa v. Department of Veterans Affairs*, 96 M.S.P.R. 408, ¶ 11 (2004) (recognizing that an administrative judge is in the best position to evaluate attorney fee requests).

<u>We modify the administrative judge's calculation regarding the relevant number of hours expended by the appellant's attorneys.</u>

¶18    The Board has held that the administrative judge who adjudicated the case on the merits is in the best position to determine whether the number of hours expended is reasonable, and, absent a specific showing that the administrative judge's evaluation was incorrect, the Board will not second guess it. *Wightman v. Department of Veterans Affairs*, 111 M.S.P.R. 109, ¶ 11 (2009). Here, the

_____

interest on attorney fees cannot be recovered in a suit against the government. 97 M.S.P.R. 430, ¶ 10.

administrative judge considered the agency's arguments, reviewed the hours challenged, and concluded that the billing statements were "sufficiently detailed, and not duplicative, padded, or representative of 'block billing.'" AID at 8-9. On review, the agency continues to challenge the number of hours spent by the appellant's attorneys, arguing that the hours claimed are unreasonable and insufficiently documented. PFR File, Tab 6 at 11-16, 22-26. The agency's arguments on review fail to provide a basis for disturbing the administrative judge's determination that the hours claimed were reasonable. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (declining to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶19 Nonetheless, we modify the hours in the administrative judge's calculation regarding the number of hours spent by the appellant's attorneys for the reasons set forth in the appellant's cross petition for review. Specifically, the appellant filed a cross petition for review asserting that the administrative judge's addendum initial decision contains two mathematical errors that cost him almost $4,000 in fees. PFR File, Tab 11. The appellant asserts that the addendum initial decision contains inadvertent mathematical errors which resulted in the duplicate reduction of 11.25 hours of his attorney's billable hours. In particular, the appellant's attorney fees motion reflects that his attorney had billed 63.5 hours, and it states that she had voluntarily reduced her time, reflecting the time she spent on research. Thus, the appellant contends that the hours for his attorney already had been reduced to reflect this amount and that the administrative judge inadvertently reduced, for a second time, the same 11.25 billable hours. PFR File, Tab 11 at 29. The agency argues that the appellant has failed to show a math error in the attorney fees calculation. PFR File, Tab 17 at 5.

¶20 The administrative judge found in the addendum initial decision that the total itemized hours spent by the attorney's firm on the appellant's case from

September 28, 2015, through August 12, 2016, was 127.50. AID at 7. The administrative judge then correctly identified the allocation of the hours as 76.70 for his attorney and 50.80 for the associate attorney. AID at 8. The administrative judge then reduced the billable hours for the appellant's attorney to 63.50, noting that the reduced hours were related to the appellant's compliance case and not directly related to the petition for review in the underlying appeal. AID at 8 n.4. The administrative judge then stated that the appellant's attorney voluntarily reduced her bill by 11.25 hours for time spent on related research and proceeded to reduce the hours by this amount, finding that it "appears" that the total time spent by his attorney preparing the petition for review was 52.25. AID at 8.

¶21     However, the record shows that the appellant's attorney voluntarily reduced her total hours by 11.25 for time spent on research, prior to totaling the hours requested. AFF, Tab 1 at 16. Indeed, the itemized billing statement indicates that the original total number of hours worked by his attorney was 87.95 and that she only billed a total of 76.70 hours. *Id.* at 23. Thus, the record clearly shows that the hourly fees for the appellant's attorney were reduced prior to the total amount identified being included in the motion for fees. *Id.*

¶22     Therefore, we agree with the appellant that the administrative judge inadvertently miscalculated the billable hours. AFF, Tab 1 at 16, 23. We find that the correct amount of the hours billed by the appellant's attorney, after the appropriate reduction of hours spent relating to the compliance case, is 63.50.

We likewise modify the award for costs.

¶23     Regarding the award for costs, the agency contends that the appellant claimed costs without accounting or proof and asserts that the $525.00 the appellant paid for an initial consultation with a law firm that was not named in the motion and who did not provide a receipt or billing statement should not be reimbursed. PFR File, Tab 6 at 24-26. The agency contends that the administrative judge improperly considered the appellant's receipt from this law

firm when he submitted it with his reply to the agency's response below. *Id*. However, the record reflects that the appellant did not raise a new argument in his reply to the agency's response to the appellant's motion. AFF, Tab 7 at 17. Instead, he provided a receipt to support his request, which was in response to the agency's argument. AFF, Tab 6 at 9-10, Tab 7 at 17. The agency has shown no error by the administrative judge in considering this evidence.

¶24 However, we agree with the appellant that the administrative judge made computational errors in calculating the award for costs, and we modify the addendum initial decision accordingly. On cross petition for review, the appellant argues that the administrative judge made a computational error in summarizing the total amount of fees and costs the agency owed to the appellant. PFR File, Tab 11 at 29-30. Specifically, the appellant requested a total of $932.24 in costs to cover expenses, i.e., a legal consultation fee of $525, round trip bus fare of $78, and hotel accommodations of $329.24, totaling $932.24. *Id*. The appellant asserts that, although the administrative judge granted all of the requested costs, the administrative judge appears to have inadvertently failed to include the hotel fee of $329.24. *Id*. at 30. The agency concedes that the administrative judge did not include the hotel fees in her calculations. PFR File, Tab 17 at 5. We agree. Accordingly, the fees and costs should total $932.24.

The administrative judge correctly declined to consider the appellant's supplemental motion for fees.

¶25 Finally, the appellant argues that the administrative judge erred in failing to consider and grant his supplemental motion for fees. PFR File, Tab 11 at 30-32. The appellant admits that the supplemental motion was filed after the close of the record below, but he requests that the Board waive the filing deadline for the supplemental motion. *Id*.; AFF, Tab 10.

¶26 The administrative judge's August 22, 2016 Acknowledgment Order specifically stated that "the record will close 40 calendar days from the date of this Order," which was October 1, 2016. AFF, Tab 2. The Order also advised the

appellant that he "must submit any claim for the time your attorney spent on preparing this motion for attorney fees with your last submission." *Id.* at 2. The appellant filed his second supplemental motion on November 12, 2016, approximately 6 weeks after the filing deadline. AFF, Tab 10. The administrative judge correctly found that this submission was untimely filed with no showing of good cause for the delay. AID at 8 n.5. Accordingly, we find that the appellant has shown no error by the administrative judge in not considering the untimely filed supplemental motion for additional attorney fees. *See Wilson v. U.S. Postal Service*, 58 M.S.P.R. 653, 662 n.5 (1993) (declining to consider the appellant's supplement to his attorney fees petition when it was untimely filed, and the appellant did not establish good cause for the delay).

<u>ORDER</u>

¶27　　Accordingly, we remand this case for a determination by the administrative judge on the current market rates for the appellant's attorney and associate attorney. On remand, the administrative judge shall allow the parties to submit evidence and argument on this issue. In analyzing the reasonableness of the fee award, the administrative judge shall adopt the Board's findings regarding the hours expended by the appellant's attorneys. The administrative judge shall likewise adopt the Board's findings on costs.

*Jennifer Everling*

_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.