**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SCOTTY WHITE,
               Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
               Agency.

DOCKET NUMBER
CB-7121-24-0016-V-1

DATE: January 27, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Smith, Esquire, Poplar Bluff, Missouri, for the appellant.

Dane R. Roper, Esquire, and Jennifer Peterein, St. Louis, Missouri,
   for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has requested review of an arbitrator's addendum decision, which awarded him $8,000.00 in attorney fees. For the reasons set forth below, we GRANT the appellant's request for review and AFFIRM the arbitrator's decision AS MODIFIED to increase the award of attorney fees to $16,000.00.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The following facts were set forth by the arbitrator in his opinion and award and are not in dispute. On January 27, 2023, the agency removed the appellant for medical inability to perform. Request for Review (RFR) File, Tab 10 at 8. After the appellant filed a grievance and his union invoked arbitration, the arbitrator issued an opinion and award reversing the appellant's removal, finding that the agency discriminated against the appellant when it failed to provide him with reasonable accommodation. *Id.* at 38-43.

Subsequently, the appellant's attorney filed an application for attorney fees in the amount of $37,000.00 for 92.5 hours of time spent drafting the union's post-hearing brief at the billing rate of $400.00 per hour. RFR File, Tab 1 at 7-8. The arbitrator issued an addendum decision finding that the requested attorney fees were unreasonable and reducing the award to $8,000.00 for 40 hours of time spent at the rate of $200.00 an hour. *Id.* at 7-8. The appellant has filed a request to review the arbitrator's decision with the Board, arguing that the arbitrator's reduction in attorney fees was "unreasonable," *id.* at 2, and asking the Board to "grant the entire amount of attorney fees as requested," RFR File, Tab 4 at 5. The agency has filed a motion to dismiss the matter for lack of jurisdiction. RFR File, Tab 21 at 4-6.

## ANALYSIS

The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination under 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Hollingsworth v. Department of Commerce*, 115 M.S.P.R. 636, ¶ 6 (2011). Each of these conditions has been satisfied in this case: the agency's removal of the appellant for medical inability to perform is within the Board's jurisdiction, 5 U.S.C. § 7512(1); 5 U.S.C. § 7513(d); the appellant has alleged

that his removal was the result of discrimination in violation of 5 U.S.C. § 2302(b)(1), RFR File, Tab 1 at 11, 16-18, Tab 10 at 10; and the arbitrator issued a final decision on the appellant's grievance, RFR File, Tab 10 at 5-43. Contrary to the agency's arguments, the appellant's claim for attorney fees is not a separate action because it clearly relates to his removal claim, and thus, is integral to his discrimination claim; therefore, the Board has jurisdiction over this case. *Bell v. Merit Systems Protection Board*, 914 F.2d 271 (Fed. Cir. 1990) (Table) (reversing the Board's conclusion that it lacked jurisdiction over the arbitrator's decision regarding attorney fees because the petitioner's claim for attorney fees was not a separate claim, but was "integral to his discrimination action").[2]

The issue on review, then, is whether the arbitrator properly reduced the attorney fee award. The standard of the Board's review of an arbitrator's award is limited; such awards are entitled to a greater degree of deference than initial decisions issued by the Board's administrative judges. *Sadiq v. Department of Veterans Affairs*, 119 M.S.P.R. 450, ¶ 5 (2013). The Board will modify or set aside such an award only when the arbitrator has erred as a matter of law in interpreting a civil service law, rule, or regulation. *Id.* Even if the Board disagrees with an arbitrator's decision, absent legal error, the Board cannot substitute its conclusions for those of the arbitrator. *Id.* Thus, the arbitrator's factual determinations are entitled to deference unless the arbitrator erred in his legal analysis, for example, by misallocating the burdens of proof or employing the wrong analytical framework. *Id.*; *Hollingsworth*, 115 M.S.P.R. 636, ¶ 7. Nevertheless, the Board can only defer to the arbitrator's findings and conclusions if the arbitrator makes specific findings on the issues in question. *Sadiq*, 119 M.S.P.R. 450, ¶ 5; *Hollingsworth*, 115 M.S.P.R. 636, ¶ 7. Further, the Board may make its own findings when the arbitrator failed to cite any legal

---

[2] The Board may rely on nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit when we find their reasoning persuasive, as we do here. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 19 n.5.

standard or employ any analytical framework for his evaluation of the evidence. *Sadiq*, 119 M.S.P.R. 450, ¶ 5; *Hollingsworth*, 115 M.S.P.R. 636, ¶ 8.

The Board assesses the reasonableness of an attorney fees request by using two objective variables: the customary billing rate and the number of hours reasonably devoted to the case. *Kelly v. Tennessee Valley Authority*, 2024 MSPB 1, ¶ 11; *Casali v. Department of the Treasury*, 81 M.S.P.R. 347, ¶ 9 (1999). The burden of establishing the reasonableness of the hours claimed in an attorney fee request is on the party moving for an attorney fees award. *Kelly*, 2024 MSPB 1, ¶ 11; *Casali*, 81 M.S.P.R. 347, ¶ 13. The fact finder need not automatically accept all of the claimed hours and may reduce an attorney fee request as necessary to disallow hours for duplication or padding. *Casali*, 81 M.S.P.R. 347, ¶ 14. Thus, the amount of fees claimed is to be reduced where the record does not show that the expenditure of the claimed hours was necessary. *Id.* In fact, the number of hours claimed may be reduced even when it is not outrageous or unprecedented but there is insufficient evidence to establish that it is reasonable. *Id.*; *Rose v. Department of the Navy*, 47 M.S.P.R 5, 13 (1991).

Here, the arbitrator reduced the attorney fees award from the requested $37,000.00 to $8,000.00, in part, because he found that the 92.5 hours claimed for time spent on the arbitration was unreasonable and excessive. RFR File, Tab 1 at 8. In so doing, the arbitrator noted that the appellant's attorney did not present the case at the hearing and was only involved in drafting the union's post-hearing brief. *Id.* at 7-8. He further found that the post-hearing brief, while 112 pages in length, was "generally . . . a summary of the transcript, and cut/paste of [Collective Bargaining Agreement] provisions." *Id.* at 8. Consequently, he determined that 40 hours was reasonable time spent drafting the post-hearing brief. *Id.*

We discern no basis to disturb this finding. The Board has held that the administrative judge who adjudicated the case on the merits is in the best position to determine whether the number of hours expended is reasonable, and, absent a

specific showing that the administrative judge's evaluation was incorrect, the Board will not second guess it. *Kelly*, 2024 MSPB 1, ¶ 18; *Wightman v. Department of Veterans Affairs*, 111 M.S.P.R. 109, ¶ 11 (2009). Moreover, as noted, an arbitrator's award is entitled to a greater degree of deference than initial decisions issued by the Board's administrative judges. *Sadiq*, 119 M.S.P.R. 450, ¶ 5. As the arbitrator is more familiar with the case, the way it was presented, and the quality of the work, he is in a better position than the Board to determine what time expenditure by the attorney was reasonable. Furthermore, the record before us supports his findings regarding the appellant's attorney's contributions to the arbitration, and the appellant has not presented any argument or evidence showing that the arbitrator erred in concluding that 40 hours was a reasonable length of time to prepare the post-hearing brief.[3] RFR File, Tab 1 at 8, Tab 13 at 4; *see Wright v. Department of Transportation*, 53 M.S.P.R. 427, 433 (1992) (reducing a fee award after determining that the appellant's 22-page petition for review consisted in large part of background that had been set forth repeatedly in earlier submissions and mere argument concerning issues decided against the appellant).

However, we find that the arbitrator's reduction of the hourly rate from $400.00 to $200.00 is not entitled to deference. To establish the appropriate hourly rate, the attorney fee motion must be accompanied by a copy of the fee agreement, if one exists, as well as evidence of the attorney's customary billing rate for similar work. *Kelly*, 2024 MSPB 1, ¶ 11; *Casali*, 81 M.S.P.R. 347, ¶ 9. The customary billing rate may be established by showing the hourly rate at

---

[3] We find that the appellant's general assertion that "[t]he number of hours spent in the review of the evidence and transcripts here were critical to the proper identification of the numerous legal issues involved" is insufficient to warrant a different outcome. RFR File, Tab 4 at 6; *Cf. Kelly v. Tennessee Valley Authority*, 2024 MSPB 1, ¶¶ 18-22 (modifying the administrative judge's calculation regarding the number of hours expended by the appellant's attorneys when the appellant identified two mathematical errors and specified that they resulted in an improper reduction of 11.5 hours at a cost of $4,000.00).

which the attorney actually billed other clients for similar work during the period for which the attorney seeks fees, or, if the attorney has insufficient billings to establish a customary billing rate, by providing affidavits from other attorneys in the community with similar experience stating their billing rate for similar clients. *Kelly*, 2024 MSPB 1, ¶ 11; *Casali*, 81 M.S.P.R. 347, ¶ 9. The relevant market rate for determining the reasonableness of the attorney fee request is the forum of the litigation. *Kelly*, 2024 MSPB 1, ¶ 11; *Casali*, 81 M.S.P.R. 347, ¶ 9. Although the appellant did not submit a fee agreement between the union and his attorney, any invoices from the union or any other clients,[4] or affidavits from comparable attorneys, he submitted an affidavit from his attorney stating that the rate of $400.00 an hour is "the mid-range of the mid-west St. Louis area," RFR File, Tab 12 at 5, a time sheet reflecting a $400.00 hourly billing rate for time spent drafting the union's post-hearing brief in the underlying arbitration, RFR File, Tab 13 at 4, and his attorney's resume showing more than 3 decades of legal experience, RFR File, Tab 14. He also submitted a 2019 survey of attorney billing rates across Missouri reflecting an average billing rate of $370.00.[5] RFR File, Tab 15.

The Board has held that a presiding official must scrutinize with due care the hours and the billing rates claimed by counsel in supporting their motions for attorney fees. *Kling v. Department of Justice*, 2 M.S.P.R. 464, 472 (1980). Billing rates should be evaluated according to the individual attorney's professional standing, experience, status (general partner, junior partner,

---

[4] On request for review, the appellant submits an "Appellant's Brief for Attorney Fees" that was filed in a separate but related arbitration in 2020-2021, indicating that he had claimed fees at a rate of $400.00 an hour in that matter as well. RFR File, Tab 11 at 14; *see* RFR File, Tab 10 at 38 (discussion of prior arbitration).

[5] While there is no information specific to Poplar Bluff, Missouri, the forum of the arbitration, the $370.00 statewide average is based on the rates charged by attorneys with varying levels of experience, e.g., associates and partners, in 2019, with $865.00 an hour being the highest billing rate and $160.00 an hour the lowest. RFR File, Tab 15 at 6.

associate), and specialized expertise. *Id.* at 473. The presiding official must include in the addendum decision findings adequate to substantiate the determination of the appropriate billing rates and compensable hours. *Id.* Any adjustment to the amount derived from multiplying the hourly rate by the number of compensable hours should also be identified in the addendum decision and the basis carefully explained. *Id.* Here, the arbitrator provided no basis for setting the billing rate at $200.00 an hour. RFR File, Tab 1 at 7-8. Considering that the appellant's attorney has more than 3 decades of legal experience, there is some evidence supporting the attorney's sworn statement that $400.00 an hour was "mid-range" for Missouri, even in 2019, and the award was requested in 2024, we find that the rate of $400.00 an hour is reasonable. *See Kelly*, 2024 MSPB 1, ¶ 17 (explaining that when there is a finding of discrimination under 5 U.S.C. § 7701(g)(2), the Board may award attorney fees based on current rates at the time of the award, rather than historic rates).

Accordingly, we affirm the arbitrator's finding that 40 hours was reasonable time spent drafting the post-hearing brief and modify the award to find that $400.00 was a reasonable hourly rate. We therefore increase the attorney fees award from $8,000.00 to $16,000.00.

## ORDER

We ORDER the agency to pay the attorney of record for the appellant $16,000.00 in fees, representing the $8,000.00 awarded by the arbitrator and the additional $8,000.00 awarded in this order. This is the final decision of the Merit Systems Protection Board in this request for review of the arbitration decision.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.