# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

TREVOR MCCARDLE,

      Appellant,

v.

EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION,

      Agency.

DOCKET NUMBER
SF-0752-15-0230-A-1

DATE: February 21, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Yolanda Acuna, South Gate, California, for the appellant.

Cori M. Cohen, Esquire, and Stephanie M. Herrera, Esquire, Silver Spring, Maryland, for the appellant.

Holly Victoria Franson, Esquire, Denver, Colorado, for the appellant.

Neil Curtis Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Anabia Hasan, Esquire, Natasja D H Handy, Esquire, Lindsay Sfekas, Esquire, and Alexandra Schwartzman, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review and the agency has filed a cross petition for review of the addendum initial decision (AID), which granted in part the motion for attorney fees and awarded $61,995.60 in fees and expenses. For the reasons discussed below, we GRANT the petition for review and DENY the cross petition for review. We AFFIRM the administrative judge's finding that the appellant is entitled to fees generally and the hourly rates that he awarded. We VACATE the administrative judge's analysis of the reasonableness of the hours worked on the underlying matter. For the reasons described herein, we AWARD the appellant $87,595.00 in attorney fees.

Regarding expenses, we AFFIRM the administrative judge's finding that the appellant was entitled to reimbursement of expenses for long-distance telephone and facsimile ($50.00), mileage and parking for a March 27, 2015 deposition ($229.74), mileage and parking for an August 17, 2015 deposition ($229.74), mileage reimbursement for May 12-14, 2015 ($41.05), and postage ($47.57). We ALSO AFFIRM the administrative judge's conclusion that the appellant was not entitled to reimbursement of expert witness fees and deposition costs. We VACATE the administrative judge's determination that the appellant is not entitled to reimbursement for long-distance travel to Los Angeles, California, for depositions. Instead, we AWARD him $1,430.27 for such travel expenses. We FIND that the appellant is entitled to $89,663.37 in total fees and expenses. EXCEPT as expressly modified by this Final Order, we affirm the AID.

**DISCUSSION OF ARGUMENTS ON REVIEW**

To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), the appellant must show that (1) he was the prevailing party, (2) he incurred attorney fees pursuant to an existing attorney-client relationship, (3) an award of attorney fees is warranted in the interest of justice, and (4) the amount

of fees claimed must be reasonable. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 7 (2011); *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 426-27 (1980).

The parties do not challenge the following findings of the administrative judge: (1) the appellant had an attorney-client relationship with Bonney, Allenberg, O'Reilly, and Eddy, P.C. (BAOE), and Gilbert Employment Law, P.C. (GEL); (2) he incurred fees; (3) he was a prevailing party; (4) GEL's fee petition was untimely; (5) Mr. Bonney was entitled to a $400 hourly rate and Ms. O'Reilly was entitled to a $350 hourly rate for services rendered prior to 2017; (6) Mr. Bonney was entitled to a $450 hourly rate and Ms. O'Reilly was entitled to a $400 hourly rate for services rendered from 2017 to 2023; and (7) the lodestar amount should not be reduced because the appellant obtained significant relief in the underlying appeal. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-A-1, Attorney Fee File (AFF), Tab 21, AID. We affirm the AID in this regard.

In its cross petition, the agency challenges the administrative judge's finding that an award of fees is warranted in the interest of justice because the agency removed the appellant based on the same grounds that precipitated the indefinite suspension and the Board upheld the removal. AID at 7-8; Petition for Review (PFR) File, Tab 3 at 10-11. This argument is not persuasive.

An attorney fee award by the Board may be warranted in the interest of justice under the following circumstances: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *Allen*, 2 M.S.P.R. at 434-35. We agree with the administrative judge that fees are warranted in the interest of justice under the "clearly without merit or wholly unfounded" basis. AID at 8. As the administrative judge succinctly stated, he reversed the action indefinitely

suspending the appellant because the agency did not have an adequate basis for sustaining it. *Id.* The Board upheld the administrative judge's decision to reverse the indefinite suspension. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1, Final Order (Jan. 6, 2023). That the agency may have subsequently removed the appellant for some of the same reasons as the indefinite suspension, plus additional reasons, does not negate the appellant's entitlement to attorney fees based on the agency's flawed decision to indefinitely suspend him.[2] Accordingly, we deny the agency's cross petition for review.

<u>We award $87,635.00 in attorney fees.</u>

The Board assesses the reasonableness of an attorney fees request by using two objective variables: the customary billing rate and the number of hours reasonably devoted to the case. *Kelly v. Tennessee Valley Authority*, 2024 MSPB 1, ¶ 11. The burden of establishing the reasonableness of the hours claimed in an attorney fee request is on the party moving for an attorney fees award. *Id.*

In the AID, the administrative judge stated that he found "numerous instances of duplication, padding, and/or frivolous claims, as well as claims for purely administrative or clerical work and work that is excessive, redundant, or otherwise unnecessary," and "several instances of billing entries that are too vague to determine whether the hours claimed are necessary or related to the underlying . . . appeal." AID at 13. The administrative judge provided a few examples of billing entries relating to Mr. Bonney's and Ms. O'Reilly's work, disallowed those claimed hours, and then disallowed other claimed hours without any additional discussion or explanation. AID at 13-14.

---

[2] Because we agree with the administrative judge that fees were warranted in the interest of justice on the "clearly without merit or wholly unfounded" basis, we need not address the agency's arguments regarding the "substantially innocent" or "knew or should have known" bases. PFR File, Tab 3 at 10-12.

In the petition for review filed by BOAE, the appellant asserts that, for the most part, he "has no knowledge as to the dates or basis for any other time entries that the [administrative judge] objected [to]" because he "randomly cut[] various hours without specifying what time entries were cut or why they were cut."[3] PFR File, Tab 1 at 9. He also challenges the administrative judge's ruling on the few specific instances in which he disallowed hours as unreasonable. *Id.* at 8-11. To address the administrative judge's concern that he did not provide specific emails in his billing statement, the appellant provides "all or almost all, of the emails billed."[4] *Id.* at 10, 51-275.

The Board has held that, if an administrative judge decides not to award fees for hours of attorney service that are adequately documented, he must identify those hours and give a clear, nonconclusory explanation for their elimination. *Wightman v. Department of Veterans Affairs,* 111 M.S.P.R. 109, ¶ 11 (2009). We agree with the appellant that the AID largely does not comport with this precedent, and we vacate the administrative judge's assessment of the reasonableness of the claimed hours.

We need not remand this appeal because the record is fully developed, and the parties have had ample opportunity to challenge and defend the claimed hours. We have therefore conducted a thorough analysis of claimed hours and the

---

[3] The appellant also asserts that the administrative judge reduced hours without giving him an opportunity to provide an explanation. PFR File, Tab 1 at 6-7; *see Driscoll*, 116 M.S.P.R. 662, ¶ 12 (holding that, if an administrative judge has concerns about deficiencies in a motion for attorney fees, he should afford the employee an opportunity to address the matters before rejecting the claim). Except for entry 6, which the agency did not object to, we find that the administrative judge gave the appellant general notice of his concerns and an opportunity to address those concerns. AFF, Tab 14. Regarding entry 6, we award the appellant the full 0.2 hours claimed.

[4] Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Because of the complicated nature of this case, we have considered the appellant's documentation on review.

agency's objections thereto.[5]  With some exceptions, noted below,[6] we find that the appellant provided sufficient additional contextual information—including contemporaneous records, emails, references to pleadings in the underlying 0230 appeal, and other documentary evidence—to support most of the challenged billing entries.  *See Heath v. Department of Transportation*, 66 M.S.P.R. 101, 106-07 (1995) (stating that the documentation of time spent on the appeal was adequate because it identified the client, the attorney performing the task, the nature of the work performed, and the amount of time expended).  We briefly discuss the challenged billing entries in which we have reduced or entirely disallowed the claimed hours.

In entry 83, the appellant claimed 0.2 hours for "receipt of deposition expense and forward to agency; email on deposition bill; print article on direct threat."  AFF, Tab 1 at 30.  The agency objected to this entry as clerical/administrative duties.  AFF, Tab 8 at 33.  The appellant stated that

---

[5] For example, we agree with the appellant that "discussing traveling to [Los Angeles] and location" for 0.1 hours, as described in entry 59, was reasonable and appropriate. AFF, Tab 1 at 28; PFR File, Tab 1 at 9.  We also find that the appellant provided sufficient contextual information to support his claimed hours for his travel to Los Angeles, California, to participate in depositions and other case-related work, as described in entries 69-73. AFF, Tab 1 at 29, Tab 12 at 177.  We award the claimed hours for these entries in full.

[6] There were numerous discrepancies in the appellant's pleadings.  For example, in his Summary of Fees and Expenses attached to his petition for review, the appellant includes entries for 0.3 hours on October 19, 2015, 0.1 hours on March 31, 2017, 0.4 hours on April 4, 2017, and 0.1 hours on March 24, 2022. PFR File, Tab 1 at 41-43. However, he withdrew these entries before the administrative judge.  AFF, Tab 17 at 19-20.  Therefore, we have not considered these entries in our calculations. Additionally, the appellant originally claimed 12 hours in entry 70 and 16 hours in entry 73, but he later clarified that entry 70 should have been listed as 11.4 hours, and entry 73 should have been listed as 15.7 hours.  AFF, Tab 1 at 19, Tab 12 at 177.  Our calculations rely on the appellant's updated information.

Additionally, in his petition for review, the appellant states that he "zeroed-out" all of Ms. McCune's and Mr. Barger's time in his revised billing statement, which he appended to his petition.  PFR File, Tab 1 at 11.  We understand the appellant to mean that he is no longer claiming any hours for work performed by Ms. McCune and/or Mr. Barger.  Therefore, we do not award any fees for Ms. McCune and/or Mr. Barger.

counsel researched the direct threat issue first before he printed out the case. AFF, Tab 17 at 12. The Board has held that clerical work normally is not to be compensated at legal rates. *Thomas v. U.S. Postal Service*, 86 M.S.P.R. 635, ¶ 21, *modified on recons.*, 87 M.S.P.R. 331 (2000), *overruled on other grounds by Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177 (2010). We find that this entry largely constitutes administrative tasks, and we reduce the award to 0.1 hours.

The agency objected to several entries because they were related to the appellant's equal employment opportunity (EEO) matter or other Board appeals. AFF, Tab 8; *see, e.g.*, *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket Nos. SF-0752-15-0496-I-1, SF-1221-17-0270-W-1, SF-0752-16-0689-I-1. In response, the appellant stated, among other things, that the filing of the 0496 appeal, which challenged the continuation of the indefinite suspension, "fully supported the 0230 [initial] decision" and "proved the agency's action was and continued to be unlawful." AFF, Tab 17 at 4. The Board has held that fees may be awarded for time spent on a separate and optional, but factually related, proceeding if, among other things, the work performed contributes to the success of a Board proceeding. *Bonggat v. Department of the Navy*, 59 M.S.P.R. 175, 178 (1993). We find that counsel's efforts in the 0496 appeal, any other subsequent appeal, and the EEO matter did not contribute to the success of the 0230 appeal.[7] Accordingly, we do not award fees for attorney work that purely occurred in any other matter. We have carefully reviewed the fee petition and the record in the various Board appeals to ensure that fees are only awarded for counsel's work in the underlying 0230 appeal.

---

[7] Additionally, the appellant filed a fee petition relating to the underlying 0496 appeal, the administrative judge denied the fee petition because he was not a prevailing party, and the appellant did not file a petition for review of that decision. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0496-A-1, Initial Decision at 2-5 (Sep. 6, 2023).

For example, in entry 33, the appellant claimed 2.3 hours for "review file; call [name redacted]; work on brief; research indefinite suspension; review email on reply brief; review agency response." AFF, Tab 1 at 26. The agency challenged the entry as vague. AFF, Tab 8 at 30. The appellant responded that he reviewed the appellant's brief in his EEO matter so that he would be familiar with what was occurring in that matter and he could ensure that there were no conflicts or problems. AFF, Tab 17 at 9. We agree with the agency that most of the descriptions in the entry are vague, and it is not clear that counsel's review of the EEO brief led to the success of the 0230 appeal. Based on our review of the 0230 appeal file, we award 0.3 hours for such work.

In entry 92, the appellant claimed 5.4 hours on April 16, 2015, for Mr. Bonney to, among other things, "email [the agency attorney] on answer from [GR]," "discuss with [Ms. O'Reilly] filing new case," "call with client on witnesses," and "discuss appeal with ABE."[8] AFF, Tab 1 at 32. In entry 93, the appellant claimed 0.2 hours on this same date for Ms. O'Reilly to "discuss filing new case" with Mr. Bonney. *Id.* In the AID, the administrative judge disallowed the 0.2 hours because, "[a]side from the duplicate billing," it was not clear whether the "new case" was related to the underlying appeal. AID at 14. On petition for review, for the first time, the appellant explains that the discussion was "over a very technical issue raised by the [a]gency attempting to dismiss the Board case based on a filing made by the [a]ppellant in Federal Court," and based on the significance to the case, Mr. Bonney discussed the implications with Ms. O'Reilly and another attorney. PFR File, Tab 1 at 10. The appellant asserts that it was prudent for the two attorneys to discuss given the "huge impact the argument could make on the case." *Id.* at 11. However, such a conversation is not reflected in either billing entry. Instead, the description shows that Mr. Bonney and Ms. O'Reilly discussed filing a new case on this date, and the

---

[8] We believe that "ABE" is attorney Barger.

record in the 0496 matter reflects that that appeal was only filed a few days later. We disallow the 0.2 claimed hours for Ms. O'Reilly. We also deduct the same amount (0.2 hours) from Mr. Bonney's claimed hours on that date. The remainder of the work is related to the 0230 appeal and reasonable.

In entry 97, the appellant claimed 1.3 hours on April 20, 2015, to, among other things, "email on new dates and note on appeal," email the appellant, "motion to continue," "motion to consolidate[]," "review email on changing dates," "call on schedule conflict," and "discuss second appeal" with a colleague. AFF, Tab 1 at 32. The agency objected because, among other things, the second appeal was redundant, the motion to consolidate was extraneous, and internal discussions were double-billed. AFF, Tab 8 at 34. The record reflects that the appellant filed the 0496 appeal on this date, and as noted above, we do not award fees for filing the 0496 appeal. However, most of the claimed work appears to have occurred in the 0230 appeal, including the scheduling issues. Therefore, we reduce the award from 1.3 hours to 1.1 hours.

In entry 98, the appellant claimed 0.4 hours on April 21, 2015, to "review notice from Judge; send sample questions; review new Ack Order, file consolidation with both; email to [client] to check MSPB repository." AFF, Tab 1 at 32. The appellant filed the motion to consolidate in the 0230 matter; the remaining tasks appear to be related to the 0496 matter. Accordingly, we reduce the award to 0.1 hours.

Regarding entry 107, the appellant claimed 1 hour for the following work on April 30, 2015: "call Dr. [W.]; question of filing motion in limine to limit witnesses; review prehearing; notice to respond, investigation; review file and memo to file." AFF, Tab 1 at 34. The agency objected to this entry as vague, and it was not clear that this work was related to this matter. AFF, Tab 8 at 35. In his responses, the appellant stated that Dr. W. was an expert witness who was deposed by the agency, and he included his handwritten billing entries from that date. AFF, Tab 12 at 56, Tab 17 at 13. We cannot discern whether "notice to

respond, investigation" and "review file and memo to file" related to the 0230 matter or the other matters. Because the burden is on the appellant to show that the claimed hours were reasonable and related to the underlying 0230 matter, we only award 0.5 hours for this work.

In entry 115, the appellant claimed 1.1 hours to, among other things, review "PFA 2" and "agency file," work on supplemental discovery, and two emails to Dr. W. AFF, Tab 1 at 36. The agency objected that this work was excessive because it was "all on the duplicate appeal," the emails to Dr. W. were vague, and there was a duplicate email to Dr. W. AFF, Tab 8 at 36. The appellant asserted that the work was necessary for both cases, and he had to supplement his discovery to identify Dr. W. AFF, Tab 17 at 14. We find that most of the work occurred in the 0230 matter. We disallow claimed hours for reviewing the second appeal and agency file, which appear to relate solely to the 0496 matter, and we reduce the award to 0.8 hours.

In entry 122, the appellant claimed 0.4 hours to "finish discovery questions and send on second case." AFF, Tab 1 at 37. The agency objected because it involved a "[r]edundant case." AFF, Tab 8 at 37. We agree with the agency, and we do not grant the claimed hours because they involved work only in the 0496 appeal.

In entry 140, the agency claimed 0.4 hours for, among other things, "mediation information," email on "new designation of rep [sic] and [GR] decision," review email from the appellant "on prehearing," and "discus[s] with PM filing EEO #3." AFF, Tab 1 at 38. The agency asserted that the description was vague, confusing, hard to follow, and involved an "irrelevant" third EEO matter. AFF, Tab 8 at 38. In its response, the appellant asserted that filing an additional case could affect the current case and must be evaluated. AFF, Tab 12 at 24. The designation of representation and the decision appear to involve the continuation of the indefinite suspension at issue in the 0496 matter. Coupled with the reference to the EEO matter, we reduce the claimed hours to 0.2 hours to

cover information about mediation and emailing the appellant about the prehearing submission.

In entry 161, the appellant claimed 0.5 hours on August 4, 2015, for "receipt and review of discovery and letter on proposed removal; call with client; consolidate 3rd enforced leave case; call on [name redacted] depo." AFF, Tab 1 at 41. The agency objected to this entry as relating to an extraneous or duplicative appeal. AFF, Tab 8 at 41. The appellant acknowledged that he responded to the proposed removal and wanted to consolidate a third appeal involving the indefinite suspension. AFF, Tab 17 at 17. The record reflects that the appellant filed a motion to consolidate a third indefinite suspension appeal with the 0230 and 0496 appeals, the third indefinite suspension appeal submission was incorporated into the record as a supplemental submission in the 0496 matter, the motion to consolidate was denied as moot, and discovery was ongoing in the 0230 matter. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1, Initial Appeal File (0230 IAF), Tabs 34, 36. Because we do not award fees for counsel's work relating to the proposed removal, we reduce the award to 0.3 hours.

Likewise, in entry 163, the appellant claimed 1.4 hours for a variety of tasks, including reviewing the motion to consolidate, calling the agency and the appellant about settlement, and "review[ing] email on client's book and explanation." AFF, Tab 1 at 42. The last task relates to the proposed removal, and we only award 1.2 hours for this entry.

In entry 165, the appellant claimed 0.9 hours for reviewing various documents largely relating to the removal as well as settlement discussions with agency counsel and reviewing the agency's motion to continue. AFF, Tab 1 at 42. Because most of this entry appears to relate to the removal, we award only 0.2 hours for the time engaged in settlement discussions and reviewing the motion to continue, which was filed in the 0230 appeal.

In entry 167, the appellant claimed 1.3 hours for various work on the prehearing submission, a call with agency counsel, review of the administrative judge's order, communications with the appellant, a letter "to client on more time and to [GR] on removal," and "follow up on criminal law concept from [the appellant]." AFF, Tab 1 at 42. The agency stated that the entry was vague, confusing as to what motion was being reviewed and what information was sent to client, and the criminal law concept appeared unrelated to this case. AFF, Tab 8 at 42. The appellant noted that the motion was found in the record at 0230 IAF, Tab 41. AFF, Tab 12 at 25. Moreover, the appellant raised a Fourth Amendment claim in the underlying appeal. However, we do not award fees for work performed in connection with the removal, such as the letter to client for more time and "to GR on removal." *See* PFR File, Tab 1 at 242-45. Therefore, we reduce the award to 1.1 hours.

In entry 181, the appellant claimed 0.4 hours to "review [his] response to proposed removal to understand agency's position; review file and documents." AFF, Tab 1 at 44. The agency asserted that the entry was vague and confusing. AFF, Tab 8 at 43-44. We agree. Additionally, because the entry appears to entirely relate to the proposed removal, we disallow all claimed hours in this entry.

In entry 174, the appellant claimed 0.4 hours for "letter sent on removal; call with Dr. [W.] on depo." AFF, Tab 1 at 44. The agency objected because it was vague as to who received the letter. AFF, Tab 12 at 43. For the reasons stated above, we do not award fees for work relating to the removal. However, counsel's contemporaneous notes appear to show that he spent 13 minutes, from 2:07 to 2:20, on the phone with Dr. W. *Id.* at 84. Therefore, we award 0.3 hours for the work described in this entry.

We have considered the agency's other objections to the appellant's billing entries.[9]  Based on our careful review of the claimed hours, we conclude that the appellant is entitled to an award of fees as follows:  For their pre-2017 work on the 0230 appeal, Mr. Bonney is entitled to reimbursement for 207.1 hours, and Ms. O'Reilly is entitled to reimbursement for 7.4 hours.[10]  Starting in 2017, Mr. Bonney is entitled to reimbursement for 4.9 hours.  At the hourly rates discussed above, we award the appellant $87,635.00 in total fees.[11]

We award the appellant $2,028.37 in expenses.

We now turn to the appellant's requests for expenses, including for travel, deposition costs, and witness fees.  In the AID, the administrative judge awarded $598.10 in expenses as follows: $50.00 for long-distance telephone and facsimile; $229.74 for mileage and parking for counsel to travel to Washington, D.C., on March 27, 2015; $229.74 for mileage and parking for counsel to travel to

---

[9] For example, in entry 215, the appellant claimed 0.7 hours for the following work by Mr. Bonney on December 10, 2015: "question on disability with Attorney O'Reilly; work on damages; call with Gilbert on filing; work on fees."  AFF, Tab 1 at 47.  In entry 216, the appellant claimed 0.8 hours for the following work by Ms. O'Reilly on this same date: "review Initial Decision; conference with NCB."  *Id.*  The agency objected because the claimed hours were duplicative with GEL, and they involved internal legal team consultations and internal firm discussions.  AFF, Tab 8 at 47.  The administrative judge did not award fees to GEL, and neither party challenges this finding on review.  Additionally, we discern no error with Mr. Bonney and Ms. O'Reilly discussing the initial decision and next steps.  Therefore, we award 0.7 and 0.8 hours, respectively, in these entries.

[10] In calculating fees for Ms. O'Reilly's work, the administrative judge used the incorrect hourly rate and number of hours.  AID at 15.  Because we vacate the administrative judge's analysis of the reasonableness of hours, we need not discuss these calculations further.

[11] We provide the following explanation of our calculations:

207.1 hours * $400/hour (Mr. Bonney's pre-2017 rate) = $82,840.00

7.4 hours * $350/hour (Ms. O'Reilly's pre-2017 rate) = $2,590.00

4.9 hours * $450/hour (Mr. Bonney's 2017 rate) = $2,205.00

$82,840.00 + 2,590.00 + 2,205.00 = $87,635.00 in total fees

Washington, D.C., on August 17, 2015; $41.05 for mileage reimbursement for May 2015; and $47.57 for postage. AID at 18. Neither party challenges the administrative judge's findings in this regard, and we affirm the administrative judge's decision to award these expenses.[12]

On review, the appellant challenges the administrative judge's decision to disallow travel expenses to Los Angeles, California. AID at 17-18; PFR File, Tab 1 at 12. In pertinent part, the appellant notes that the administrative judge approved claims for local travel to Washington, D.C., for depositions, but not for travel to California. PFR File, Tab 1 at 12.

The administrative judge, in evaluating expenses, acknowledged that the U.S. Court of Appeals for the Federal Circuit upheld a Board decision, which found that a fee award can include the attorney's hourly rate plus out-of-pocket expenses for, among other things, long-distance telephone charges and local transportation, but not deposition costs and witness fees. AID at 18-19 (citing *Bennett v. Department of the Navy*, 699 F.2d 1140, 1144-45 (Fed. Cir. 1983)). Although *Bennett* discussed local transportation, subsequent Board decisions have stated that an attorney's reasonable travel expenses—local or otherwise—should be reimbursed. *Garstkiewicz v. U.S. Postal Service*, 50 M.S.P.R. 476, 478-79 (1991); *see Garcia v. U.S. Postal Service*, 75 M.S.P.R. 198, 202 (1997) (awarding $396.42 in compensable costs for counsel's hotel lodging for three nights). We find that counsel's travel to California for depositions was reasonable. We vacate the AID in this regard and award him reimbursement of his travel expenses in the amount of $1,430.27.

The appellant also contends that the administrative judge erred when he disallowed expert witness fees for Dr. W. AID at 18; PFR File, Tab 1 at 12-13. In pertinent part, the appellant cites to "5 U.S.C. § 1221(9)(1)(A)." PFR File,

---

[12] Although the appellant does not explicitly include the $41.05 expense in his Summary of Fees and Expenses on petition for review, we assume that it was an inadvertent oversight because he does not raise an error in the administrative judge's evaluation of this award.

Tab 1 at 13. We believe that the appellant means 5 U.S.C. § 1221(g)(1)(A)(ii), which states that, if the Board orders corrective action under this section, such corrective action may include "compensatory damages (including interest, reasonable expert witness fees, and costs)." However, subsection 1221(g)(1)(A)(ii) is not applicable because the Board did not order corrective action under 5 U.S.C. § 1221. Rather, the Board affirmed the administrative judge's decision to reverse the indefinite suspension, but it found that the appellant did not prove his whistleblower reprisal claim. Moreover, the Board has held that it lacks the authority to award fees for work performed by experts in either a testimonial or a nontestimonial capacity. *Fishback v. U.S. Postal Service*, 54 M.S.P.R. 257, 260 (1992). Accordingly, the appellant is not entitled to recover Dr. W.'s expert witness fees. *See* 5 C.F.R. § 1201.37(c) ("The party requesting the presence of a witness must pay that witness' fees."). We affirm the AID in this regard.

Finally, the appellant contends that the administrative judge erred in disallowing deposition costs. AID at 18; PFR File, Tab 1 at 13. The appellant acknowledges that deposition costs were not historically recoverable expenses; however, he asserts the deposition expenses should be reimbursable in this case because the depositions were used as a substitute for hearing testimony and the depositions "became the actual testimony used as exhibits in this case." PFR File, Tab 1 at 13. In its response, the agency highlights that the appellant waived his right to a hearing and contends that it should not be penalized for his change in legal strategy. PFR File, Tab 3 at 8-9. Ultimately, the appellant cites no persuasive legal authority for his contention that depositions costs under these circumstances are recoverable, and we are aware of none. *See Bennett*, 699 F.2d at 1145 (holding that "stenographic fees for depositions" are not recoverable); *Smith v. Department of the Navy*, 113 M.S.P.R. 430, ¶ 7 (2010) (noting that the Board is not authorized to award depositions costs to a prevailing party under 5 U.S.C. § 7701(g)(1)). We affirm the AID in this regard.

**ORDER**

We ORDER the agency to pay $89,643.37 in fees and expenses to the law firm of Bonney, Allenberg, O'Reilly, and Eddy, P.C., as set forth herein. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

**NOTICE OF APPEAL RIGHTS**[13]

The AID, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available

---

[13] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[14] The court of appeals must <u>receive</u> your petition for

---

[14] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.